IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Lamar Ancrum, | ) | C/A No.: 4:26-cv-2906-TMC-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| LT. Ms. June and Ofc. Ms. Hilton, | ) | |
| Defendants. | ) | |

Kenneth Lamar Ancrum ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Lee Correctional Institution ("LCI") employees LT. Ms. June ("June") and Officer Hilton ("Hilton") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for amendment.

I. Factual Background

Plaintiff is a state prisoner incarcerated at Evans Correctional Institution. (ECF No. 1). He states the events giving rise to his claim occurred between March 6 and April 3, 2026, while he was incarcerated at LCI. *Id.* at 5. He claims he was moved to lock up with only his hygiene bag while the broken window in his cell was being repaired. *Id.* He states that when he returned, he discovered that June had let other inmates steal his property. *Id.* He claims June "did not do her job and secure [his] property when [he] went to lockup." *Id.* at 6. He states his stolen property included a television, a fan, a hot pot, brown New Balance slip-on shoes, a lamp, and a drop cord. *Id.* at 8. He states he requested a refund or replacement, but his request was denied with a note

stating he had to forward a request to staff member to the property supervisor for review. *Id.* He says he wrote to Hilton, who is the property officer, but received no response. *Id.* at 9. He also states June told him she would prepare an incident report. *Id.* He requests that the court order his property be replaced or he be refunded for the property for which he had receipts and that his box of legal materials be found and returned to him. *Id.* at 6.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

B. Analysis

Plaintiff's action is subject to summary dismissal for failure to state a claim upon which relief can be granted. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Construed liberally, Plaintiff appears to be alleging Defendants deprived him of property without due process of law in violation of the Fourteenth Amendment by failing to protect his personal property from theft. At best, Plaintiff's allegations support a finding that June was negligent in failing to secure his property while he was in lock up. This court has previously found that a negligent deprivation of property is not actionable under § 1983. *See Kerr v. S.C. Dept of Corr.*, No. 0:16-cv-3321-TMC-PJG, 2016 WL 7632892, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, No. 0:16-cv-3321-TMC, 2017 WL 26074 (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Menedez v. Keefe Supply Co.*, 235 F. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").

To the extent Plaintiff alleges June or Hilton violated his Fourteenth Amendment rights by failing to investigate the theft, this claim also fails. In *Tydings v. Dep't of Corr.*, 714 F.2d 11, 12 (4th Cir. 1983), the Fourt Circuit agreed with the district court that "there is no constitutional protection against prison thefts or any constitutional requirement that prison officials must conduct investigations of such thefts."

While Plaintiff mentions his missing "legal materials," he has not met the specificity requirement to state a claim for failure to provide access to the courts. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). It does not appear that he sustained any recognized injury due to the loss of his legal materials, as he has not demonstrated that a non-frivolous legal claim was

frustrated or impeded by an actual deprivation of access." *See Lewis v. Casey*, 518 U.S. 343, 349, 352–53 (1996).

Given the foregoing, Plaintiff has failed to state a § 1983 claim, as the facts he alleges do not support a finding that Defendants violated his rights under the Constitution or federal law.

III. Conclusion

The undersigned recommends the district judge dismiss Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. The undersigned further recommends the claim be dismissed without leave for amendment, as amendment would be futile.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 7, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).